UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT GONZALEZ TAPIA,<br><br>       Plaintiff,<br><br>   v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,[1]<br><br>       Defendant. | Case No.  1:21-cv-00478-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 23, 25, 28.) |

**INTRODUCTION**

Plaintiff Albert Gonzalez Tapia ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI of the Social Security Act.  The parties consented to magistrate jurisdiction and the case was authorized to proceed before the undersigned for all further proceedings including trial and entry of judgment.  (Doc. 30.)  The parties' briefing on the motion was submitted, without oral argument, to

---

[1] Frank Bisignano became the Acting Commissioner of Social Security in May 2025.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted for Kilolo Kijakazi as Defendant in this suit.

1

Magistrate Judge Barbara A. McAuliffe. (Docs. 23, 25, 28.) Having considered the parties' briefs, along with the entire record in this case, the Court finds that the decision of the Administrative Law Judge ("ALJ") was not supported by substantial evidence in the record and was not based upon proper legal standards. Accordingly, this Court GRANTS Plaintiff's motion for summary judgment.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff applied for Title XVI Supplemental Security Income and Title II Disability Insurance Benefits on April 16, 2015, alleging that he became disabled on October 13, 2013. AR 299-310.[2] The claim was denied initially on February 2, 2017, and on reconsideration on June 1, 2017. AR 201-226. Plaintiff requested a hearing before an administrative law judge ("ALJ") and ALJ Nancy M. Stewart held a hearing on April 24, 2019. AR 38-82. ALJ Stewart issued an order denying benefits on the basis that Plaintiff was not disabled on August 1, 2019. AR 16-37. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied. AR 5-10. This appeal followed.

### Medical Record

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 16-37. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 13, 2013. AR 22. The ALJ identified the following severe impairments: lumbar degenerative disc disease, osteoarthritis of the hip, and degenerative joint disease of the left knee. *Id*. The ALJ additionally identified the "medically determinable mental impairments of depression and anxiety" to be nonsevere. *Id.* The ALJ further determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 23.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to lift and carry 10 pounds frequently and 20 pounds occasionally and to push and pull within those limits; to stand and/or walk for 6 hours in an 8-hour workday with no sitting limitations but could rest every 2 hours for 10-15 minutes falling within the normal breaks and lunch break if needed; could do no prolonged walking greater than 40 minutes at a time without the use of a cane; could not walk on uneven surfaces; could not climb ladders, ropes, or scaffolds; could not kneel or crawl; could engage in frequent, but not repetitive, bending; could not have prolonged exposure to cold or humidity; was "limited to routine and repetitive tasks (due to pain mild symptoms from depression and anxiety)"; could elevate his legs every two hours for 10-15 minutes if needed (within the normal breaks and lunch break); and could engage in frequent handling and fingering. AR 23. The ALJ considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," as well as "opinion evidence." *Id.*

The ALJ found that Plaintiff was unable to perform any past relevant work; that Plaintiff was a younger individual as of the alleged onset date; had a limited education and was able to communicate in English; and that transferability of job skills was not an issue in the case. AR 27. Given Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. AR 27-28. The ALJ noted that examples of jobs consistent with Plaintiff's age, education, work experience, and residual functional capacity included: (1) Sorter (DOT No. 222.687-014, light exertion, SVP 2, with approximately 60,000 jobs available nationwide); (2) Packager (DOT No. 726.687-042, light exertion, SVP 2, with approximately 80,000 jobs available nationwide); and (3) Electronics Worker (DOT No. 726.687-010, light exertion, SVP 2, with approximately 20,000 jobs available nationwide). AR 28. The ALJ therefore concluded that Plaintiff had not been disabled since the alleged onset date of October 13, 2019 through the date of the decision. *Id*.

///

///

///

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

**REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

///

///

///

# DISCUSSION[3]

Plaintiff argues that the ALJ erred by rejecting the opinions of treating physicians R. Atlenza and Nasir Kamar without setting forth specific, legitimate reasons. (Doc. 23 at 10-12, Doc. 28 at 1-4.) Plaintiff next argues that the ALJ erred by rejecting the opinion of examining physician Lance A. Portnoff without setting forth specific, legitimate reasons. (Doc. 23 at 12-13, Doc. 28 at 4.) Finally, Plaintiff argues that the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptoms. (Doc. 23 at 13-15.)

**A. Medical Opinion of Examining Physician Lance A. Portnoff**

Plaintiff argues that the ALJ failed to provide specific, legitimate reasons for rejecting the opinion of examining physician Lance A. Portnoff. (Doc. 23 at 12-13, Doc. 28 at 4.)

Under the standards applicable at the time of the claims here, the Ninth Circuit identified three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Lester*, 81 F.3d at 830. If contradicted, the opinion of a treating or examining physician can only be rejected for "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id*. at 830-31. The ALJ need not accept the opinion of any physician that is brief, conclusory, and unsupported by clinical findings. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Here, the ALJ assigned Dr. Portnoff's opinion "little weight," writing:
> Finally, I have also considered the opinions regarding the claimant's mental residual functional capacity. However, in light of the finding that he has no mental impairments, little weight is given to the following opinions… In September 2018, Lance A. Portnoff, Ph.D., performed a mental evaluation of the claimant. He reported needing help with bathing, dressing, and grooming, and cannot travel alone, but can manage money and prepare food for himself His mother helps with his

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

>activities of daily living and mostly spends his days watching television. Based on the claimant's presentation, his reported history and symptoms, and examination results, Dr. Portnoff diagnosed the claimant with mild major depressive disorder, single episode, and rule out unspecified learning disorder. He is moderately impaired in his ability to deal with workplace stress, and is mildly impaired in a few other areas of mental work functioning. (22F/4-9)

AR 26-27.

On September 1, 2018, Dr. Portnoff completed a mental evaluation report. AR 964, 966-69. Dr. Portnoff noted that Plaintiff reported "some vegetative symptoms (asociability, apathy) and passive suicidal ideas"; was "anxious and stressed;" and reported getting "uncued panic attacks 3 times per week, usually in the middle of the night." AR 966. He described Plaintiff's activities of daily living, noted that Plaintiff had a "mild, anxious depression" in his affect; and discussed relatively normal findings in concentration, persistence, and pace; general appearance and behavior; mental activity/speech findings; and content of thought. AR 966-67. Dr. Portnoff also discussed the findings from intellectual functioning tests. AR 967-68. Dr. Portnoff then noted the Diagnostic Impression as "Major Depressive Disorder, Single Episode, Mild with Anxious Features" and "R/O Unspecified Learning Disorder." AR 968. In the Functional Assessment/Medical Source Statement portion of the report, Dr. Portnoff opined that Plaintiff was capable of managing his own funds independently and to perform simple and repetitive tasks; that Plaintiff had mild limitations in his ability to perform detailed and complex tasks; that Plaintiff had no limitations in his ability to accept instructions from supervisors; that Plaintiff had mild limitations in his ability to interact with coworkers and the public due to Major Depressive Disorder; that Plaintiff had no limitations in his ability to work on a consistent basis without special or additional instruction due to psychiatric problems; that Plaintiff had no limitations in his ability to maintain regular attendance in the workplace from a psychological standpoint; that Plaintiff had mild limitations in his ability to complete a normal workday or workweek without interruptions from a psychiatric condition due to mood symptoms; and that Plaintiff's "ability to deal with the stress encountered in a competitive work environment is moderately impaired due to MDD with frequent panic attacks." AR 968-69.

On September 22, 2018, Dr. Portnoff completed a Medical Source Statement in which he marked that Plaintiff was not limited in his ability to: understand and remember simple instructions; carry out simple instructions; make judgments on simple work-related decisions; and make judgments on complex work-related decisions. AR 962. He also marked that Plaintiff had mild limitations in understanding and remembering complex instructions and carrying out complex instructions. *Id.* He based this upon Plaintiff's "MSE, and History." *Id.* Dr. Portnoff further marked that Plaintiff had no limitation in interacting appropriately with the public; had mild limitations in interacting appropriately with supervisors and co-workers; and had moderate limitations in responding "appropriately to usual work situations and to changes in a routine work setting" based upon Plaintiff's MSE and history. AR 963. He further opined that Plaintiff could manage benefits in his own best interest. AR 965.

The ALJ's sole reason for giving little weight to Dr. Portnoff's opinion – "the finding that [Plaintiff] has no mental impairments" – is not a specific and legitimate one. In contrast to the ALJ's later assertion that Plaintiff had no mental impairments, the ALJ earlier identified the "medically determinable mental impairments of depression and anxiety." AR 22. The ALJ also included in the RFC that Plaintiff was "limited to routine and repetitive tasks (due to pain mild symptoms from depression and anxiety)." AR 23. In rejecting Dr. Portnoff's opinion because Plaintiff had no mental impairments after specifically referencing Plaintiff's mental impairments, the ALJ failed to provide specific, legitimate reasons for rejecting Dr. Portnoff's opinion. AR 22-23, 26-27. The ALJ therefore erred in rejecting Dr. Portnoff's opinion.

Defendant argues that the ALJ appropriately assigned little weight to Dr. Portnoff's opinion because Plaintiff's depression and anxiety were nonsevere impairments and because consultative examiner Mary Lewis, Psy.D. opined that Plaintiff was not impaired from a mental health perspective. (Doc. 25 at 8.) However, an ALJ "must consider severe and nonsevere impairments in assessing a claimant's RFC." *Rhone v. Kijakazi*, No. 2:21-CV-01296-VCF, 2022 WL 2870589, at *2 (D. Nev. July 21, 2022) (citing 20 C.F.R. § 404.1520(e) and 404.1545(a)(2)); *see Hutton v. Astrue*, 491 F. App'x 850 (9th Cir. 2012) ("Regardless of its severity, however, the ALJ was still required to consider [plaintiff's nonsevere impairment of] PTSD when he determined [plaintiff's] RFC."). Additionally, while Defendant now relies on consultative examiner Mary Lewis's opinion, the ALJ gave little

weight to Dr. Lewis's opinion "in light of the finding that [Plaintiff] has no mental impairments." AR 26-27. Defendant's post hoc attempts to discount Dr. Portnoff's opinion by referencing another discounted opinion are not permitted. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.") Defendant's arguments that the ALJ appropriately rejected Dr. Portnoff's opinion for these reasons is therefore unavailing.

### B. Harmless Error Analysis

The Ninth Circuit has found the harmless error standard applies in instances of ALJ's discounting of physician opinions. *See Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) (holding that harmless error analysis applies to ALJ's errors in evaluating physician opinions but remanding where they could not "'confidently conclude' that the ALJ's error was harmless."); *Hernandez v. Berryhill*, 707 F. App'x 456, 458 (9th Cir. 2017) (holding that the ALJ committed harmless error in misidentifying physician's notes). The Ninth Circuit has also "affirmed under the rubric of harmless error where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006).

However, the error was not harmless here. The rejection of Dr. Portnoff's opinion and omission of the moderate limitations he opined was prejudicial to Plaintiff and relevant to the ALJ's ultimate disability conclusion as the limitations were not incorporated into the RFC assessment. *See* AR 23, 963, 969. The ALJ limited Plaintiff to "routine and repetitive tasks" due to "mild symptoms from depression and anxiety" but otherwise did not include limitations related to mental impairments. AR 23. Additionally, the limitation to "routine and repetitive tasks" did not account for Dr. Portnoff's opined moderate limitations in responding "appropriately to usual work situations and to changes in a routine work setting" and in the "ability to deal with the stress encountered in a competitive work environment." *See John S. v. Saul*, No. 5:19-CV-01561-MAA, 2020 WL 5880462, at *3 (C.D. Cal. Oct. 2, 2020) (ALJ committed harmful error where the "omitted mental limitation of a moderate impairment in Plaintiff's capacity to adapt to changes and stresses in a workplace setting… was distinct from the two mental limitations stated in the RFC assessment, which were a limitation to

8

simple, routine tasks and a limitation in contact with others"); *Bagby v. Comm'r of Soc. Sec.*, 606 F. App'x 888, 890 (9th Cir. 2015) ("The ALJ's RFC assessment limited [plaintiff] to 'simple, repetitive tasks,' no contact with the public, and 'occasional interaction with coworkers.' It did not reflect [the physician's] finding that [plaintiff] was limited in her ability to '[r]espond appropriately to usual work situations and to changes in a routine work setting.'"); *Slover v. Kijakazi*, No. 1:21-cv-01089-ADA-BAM, 2023 WL 5488416, at *4 (E.D. Cal. Aug. 24, 2023) ("the weight of more recent case law that tends to refute the argument that a limitation to simple, routine tasks in the RFC adequately accounts for moderate limitations in the ability to complete a normal workday and the ability to handle stress."). Accordingly, the ALJ's rejection of Dr. Portnoff's opinion constituted harmful error.

Defendant argues that any error was harmless as it was inconsequential to the ultimate non-disability determination and that the ALJ appropriately tailored Plaintiff's RFC. (Doc. 25 at 9-10.) However, this disregards the ALJ's responsibility under the relevant standards to provide specific, legitimate reasons for rejecting treating or examining physicians' testimony. *Lester*, 81 F.3d at 830-31. This also ignores that courts have found harmful error where ALJs incorrectly rejected physician opinions or omitted mental limitations. *See John S.*, 2020 WL 5880462, at *3; *Bagby*, 606 F. App'x at 890; *Slover*, 2023 WL 5488416, at *4. Defendant's argument that the ALJ's error was harmless is therefore unsuccessful.

In sum, as the ALJ failed to provide specific, legitimate reasons for rejecting Dr. Portnoff's opinion, the ALJ committed harmful error in rejecting Dr. Portnoff's opined limitations.

**C. Remedy**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in

rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).  On remand, the ALJ should specifically address Dr. Portnoff's opinion.

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments that the ALJ erred in assessing other physician opinions and in discounting Plaintiff's symptoms testimony.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F.Supp.2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised.").

## CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole and is not based on proper legal standards.  Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's appeal from the administrative decision of the Commissioner of Social Security is GRANTED;
2. The agency's determination to deny benefits is REVERSED; and
3. The Clerk of this Court is directed to enter judgment in favor of Plaintiff Albert Gonzalez Tapia and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **May 29, 2025**           /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE